UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

STEVEN CARLISLE,

        Plaintiff,

    -v-                    5:22-CV-200

JEFFERSON COUNTY, City of Watertown, COLLEEN O'NEIL, Jefferson County Sheriff, CHARLES DONOGHUE, City of Watertown, KRISTINA MILLS, Jefferson County District Attorney, SCOTT GRAY, Jefferson County Legislator, JEFF SMITH, Watertown City Mayor, MATT TIMERMAN, Watertown City Fire Chief, JAY DONOVAN, Z93 Radio, GARY PASQUA, St. Lawrence County DA, JEFF PREBISH, OSHA, JOHN DOE 1, North Star Employee: Scott, JOHN DOE 2, North Star Employee: Sam, JOHN DOE 3, North Star Employee: Kim, JOHN DOE 4, North Star Employee: Jordan, JOHN DOE 5, North Star Employee: Dave, JOHN DOE 6, North Star Employee: Merritt, JOHN DOE 7, North Star Employee: Ronnie, JOHN DOE 8, North Star Employee: Rodney, JOHN DOE 9, North Star Employee: Wally, JOHN DOE 10, North Star Employee: Devan, JOHN DOE 11, North Star Employee: Andrew, JOHN DOE 12, North Star Employee: Joe, JOHN DOE 13, North Star Employee: Kyle, and SCOTT SCHOEN, North Star,

        Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                                 OF COUNSEL:

STEVEN CARLISLE
Plaintiff, Pro Se
P.O. Box 602
Theresa, NY 13691

DAVID N. HURD
United States District Judge

## ORDER ON REPORT & RECOMMENDATION

On March 3, 2022, *pro se* plaintiff Steven Carlisle ("plaintiff") filed this civil action alleging, *inter alia*, that confidential informants, acting under orders from certain Jefferson County officials, conspired to cause him physical harm. Dkt. No. 1. Plaintiff also sought leave to proceed *in forma pauperis* ("IFP Application"). Dkt. No. 2.

On March 17, 2022, U.S. Magistrate Judge Andrew T. Baxter granted plaintiff's IFP application for the limited purposes of filing and then advised by Report & Recommendation ("R&R") that plaintiff's complaint be dismissed. Dkt. No. 4. As Judge Baxter explained, some of plaintiff's claims were subject to dismissal with prejudice while others might prove to be actionable if cured with better pleading. *Id.* Accordingly, Judge Baxter recommended that plaintiff be given a forty-five day period in which to amend his complaint as to certain of his claims. *Id.*

Plaintiff has filed objections. Dkt. Nos. 5, 6.[1] Upon *de novo* review of the portions to which plaintiff has objected, the R&R is accepted and will be adopted in all respects. 28 U.S.C. § 636(b)(1)(C).

Therefore, it is

ORDERED that

1. The Report & Recommendation is ACCEPTED;

2. To the extent plaintiff bases his complaint upon criminal statutes, those claims are DISMISSED WITH PREJUDICE against all of the named defendants in accordance with the R&R;

3. Any claims alleged by plaintiff under the Equal Protection Clause of the New York State Constitution are DISMISSED WITH PREJUDICE against all of the named defendants in accordance with the R&R;

4. Any claims alleged by plaintiff under New York Civil Rights Law § 40-c are DISMISSED WITHOUT PREJUDICE against all of the named defendants in accordance with the R&R;

5. Plaintiff's § 1983 conspiracy, excessive force, and/or failure to intervene claims against all of the named defendants are DISMISSED WITHOUT PREJUDICE;

---

[1] Dkt. No. 6 appears to be largely if not completely duplicative of the objection filed with the Court at Dkt. No. 5.

6. Plaintiff shall have forty-five (45) days from the date of this Order in which to amend his complaint in accordance with the instructions set forth in Judge Baxter's Report & Recommendation; and

7. If plaintiff does not file an amended complaint within this forty-five day period, the Clerk of the Court shall enter a judgment accordingly and close the file without further Order of this Court.

IT IS SO ORDERED.

_David N. Hurd_
U.S. District Judge

Dated: April 7, 2022
       Utica, New York.